UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASHIRA ESHE MADISON,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Acting<br>Commissioner of Social Security,<br><br>Defendant. | No.  2:25-cv-1710 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

("Commissioner"), denying her application for disability insurance benefits ("DIB") under

Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income

("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will DENY plaintiff's motion for summary

judgment, and GRANT the Commissioner's cross-motion for summary judgment.

////

---

[1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).  SSI is paid to financially needy disabled persons.  42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 et seq., is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and for supplemental security income on February 28, 2020. Administrative Record ("AR") 263-76.[2] The State agency responsible for evaluating disability claims on the Commissioner's behalf denied plaintiff's claims initially and on reconsideration. AR 87-88, 111-112. On October 2, 2020, plaintiff requested a hearing before an administrative law judge (ALJ). AR 135. An ALJ held a hearing on May 25, 2021, at which plaintiff and a vocational expert testified. AR 41-72. On June 25, 2021, the ALJ issued a decision denying plaintiff's disability claims. AR 24-35. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on June 1, 2022. AR 13-15.

On July 7, 2022, plaintiff filed a complaint in the United States District Court, seeking judicial review of the Commissioner's decision. AR 1153. On December 9, 2022, the court granted the parties' stipulation for voluntary remand and ordered remand of the case back to the Social Security Administration for further administrative proceedings and reevaluation of plaintiff's disability claim. AR 1155-1157. On remand, an ALJ held a new hearing on September 14, 2023. AR 1061-1096. Following the hearing, on November 1, 2023, the ALJ issued a new unfavorable decision, again finding that plaintiff was not disabled. AR 1037-1051. On December 20, 2023, plaintiff again filed a complaint in the United States District Court seeking judicial review of the Commissioner's new decision denying her disability claim. AR 2171.

On April 26, 2024, based upon a stipulation filed by the parties, the Court ordered remand of plaintiff's case for further administrative proceedings and reevaluation of plaintiff's disability claim. AR 2174-2177. Thereafter, on March 27, 2025, an ALJ held a new hearing at which plaintiff and vocational expert testified. AR 2129-2145. On April 23, 2025, the ALJ issued a new unfavorable decision again denying plaintiff's claim for disability benefits. AR 2099-2117. The ALJ's decision is the final decision of the Commissioner of Social Security for purposes of judicial review.

---

[2] The AR is electronically filed at ECF No. 7.

Plaintiff now seeks judicial review of the Commissioner's final decision, having filed this action on June 18, 2025. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF No. 6. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 8 (plaintiff's summary judgment motion), 14 (Commissioner's summary judgment motion), 16 (plaintiff's reply).

## II.  FACTUAL BACKGROUND

Plaintiff alleged in her disability application that she could not work due to neck and shoulder impairments, a wrist and hand impairment, and headaches. AR 627. In an exertional questionnaire, plaintiff reported that she had pain in her scapula and neck, as well as dysfunction in the nerves of her hand. AR 663. Plaintiff claimed that her arms were weak, her neck dysfunction interfered with her ability to sit and stand, and standing and walking for 20 to 30 minutes aggravated her symptoms. Id. During her administrative hearing in May of 2021, plaintiff testified that disabilities stemmed from an injury she suffered while loading and unloading trucks as a package handler at FedEx. AR 51. Plaintiff was born in 1979 and accordingly was a "younger individual" under the regulations at the time of filing. AR 1120; see 20 C.F.R §§ 404.1563, 416.963 (same). Plaintiff has two years of college education. AR 628. She has work history in telemarketing and shipping/mailing service. AR 629.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the

3

record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

4

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

////

////

V.  THE ALJ's DECISION

The relevant decision by the ALJ was issued on April 23, 2025, and is located at AR 2101-2117.  The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2024.

2. [Step 1] The claimant has not engaged in substantial gainful activity since May 18, 2019, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)

3. [Step 2] The claimant has the following severe impairments: right shoulder tendinitis, cervical and lumbar stenosis, migraines, major depressive disorder, and posttraumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(c)).

4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. [Preparation for Step 4] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally lift and carry up to 10 pounds; perform occasional postural activities except no ladders, ropes or scaffolds; no overhead reach; avoid even moderate exposure to hazards such as working at unprotected heights and operating heavy machinery; she can perform simple repetitive tasks.

6. [Step 4] The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. [Step 5] The claimant was born [in 1979] and was 40 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. [Step 5, continued] Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 18, 2019, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

6

AR 2105-2166.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 2166.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ erred in three ways: (1) he failed to provide clear and convincing reasons for discounting plaintiff's allegations of pain and physical dysfunction; (2) he failed to provide clear and convincing reasons for discounting plaintiff's allegations of mental dysfunction; and (3) he erred in concluding that plaintiff could perform work involving a reasoning level of 3 despite being restricted to simple and repetitive tasks.  ECF No. 8 at 12.

### A.  Plaintiff's Subjective Pain Testimony

Plaintiff argues that the ALJ failed to provide specific, clear, and convincing reasons for discounting her subjective pain testimony.  ECF No. 8 at 10.  The Ninth Circuit has described the process of evaluating an ALJ's review of subjective pain testimony as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); see also Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996).  For the district court reviewing the ALJ's conclusions, "[t]he standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince."  Smartt v. Kijakazi, 53 F.4th 489, 499 (9th Cir. 2022).  An ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole."  Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995); see Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir.

2008).

Here, plaintiff testified that after suffering from a workplace injury in August of 2018, she experienced ongoing neck, right shoulder, and upper back pain, which radiated down her right arm. AR 51, 293, 302, 309, 315, 407, 427, 431, 436, 462, 467, 477, 627, 663. Plaintiff testified that she could not hold her head up because of her neck dysfunction, and treatment was not effective. AR 56-57. Plaintiff claimed that sitting straight put a lot of strain on her neck, it hurt to hold her head up, and her shoulder swelled on and off whenever she used it. AR 62. Plaintiff reported pain in her neck, upper extremities, and lumbar area, with weakness in her fingers and hands. AR 1450. She testified that she had difficulty holding objects and dropped things. AR 1069. She acknowledged that acupuncture helped "a little bit," but her pain still fluctuated from an 8 to a 10 on a 10-point scale. AR 1070. Plaintiff reported she could pick up a gallon of milk, but she could not hold it for long, she could walk for 10 to 15 minutes at one time, and she could stand for 20 to 30 minutes. AR 1072-75.

The ALJ discounted plaintiff's allegations, concluding they were not entirely consistent with objective medical evidence, and particularly that the claims were "inconsistent with clinical indications showing the claimant's impairments are adequately controlled and result in limited objective findings." AR 2108-11, 2114. Whether a claimant's statements are consistent with objective medical evidence is a relevant consideration under the agency's regulations. 20 C.F.R. §§ 404.1529(c)(2), (c)(4), 416.929(c)(2), (c)(4); SSR 16-3p at *6. "When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting [the claimant's] testimony." Smartt, 53 F.4th at 498. Though plaintiff cites to ample medical notations in support of her testimony and of her argument that the ALJ unreasonably reached his conclusion (ECF No. 8 at 13-14), the ALJ also cited ample evidence from the record showing that examinations regularly revealed good range of motion in plaintiff's shoulder, 4/5 muscle strength, and the ability to lift up to 20 pounds. AR 2108.

The ALJ properly relied on the medical evidence as one reason among others to discount plaintiff's subjective symptom testimony. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully

8

corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). There is substantial medical history in this case, and there are many notations in the record that can either support or undermine plaintiff's statements. Neither the fact that reasonable minds could reach different conclusions based on the record, nor the existence of an alternative interpretation of the evidence, establishes that the ALJ erred. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Further, even if the ALJ did not sufficiently support this basis for discounting plaintiff's subjective testimony, he provided two other well supported reasons for doing so.

The ALJ also discounted plaintiff's allegations because they were inconsistent with her treatment history, which was conservative. AR 2108-11, 2114. The amount and type of treatment, along with the effectiveness of treatment, are important considerations when weighing a claimant's allegations. 20 C.F.R. §§ 404.1529(c)(3)-(c)(4), 416.929(c)(3)-(c)(4); SSR 16-3p at *8. Evidence of medical treatment successfully relieving symptoms can undermine a claim of disability. Smartt v. Kijakazi, 53 F.4th 489, 500 (9th Cir. 2022). Additionally, conservative treatment may "discount a claimant's testimony regarding severity of an impairment." Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007) (quoting Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)).

Here, plaintiff testified that despite treatment, her pain was "always fluctuating between a[n] 8 and above a 10," where 10 is "severe enough that most people would go to the emergency room." AR 1070. However, the record reflects that plaintiff's pain improved with treatment, and that the treatment she received was objectively conservative. AR 2108-10, citing AR 709, 719, 725, 733, 742, 745, 967, 1710-31, 1863, 1888. These records show, for example, that at various medical encounters plaintiff rated her pain as a 4 (AR 1863, 1888), 4-8 (AR 742), 6 (AR 967), and a 6-8 (AR 745). Further, plaintiff's treatment was routine, even if modalities varied. Plaintiff took over the counter medications (Motrin, Tylenol) with benefit, found acupuncture helpful, and in April 2021 she reported her pain was "much improved" with Chlorzoxazone and other prescribed medications, and these were continued. AR 978, 980, 984. Plaintiff acknowledges that "injections were recommended" and does not explain why she refused that treatment option.

ECF No. 8 at 17, citing AR 1714.  The ALJ noted that plaintiff "deferred injection therapies." AR 2110, citing AR 1710-31.  Plaintiff's conservative treatment adequately supports the ALJ's decision to discount her subjective pain testimony.

Finally, the ALJ discounted plaintiff's statements because her reported activities showed a level of functioning that contradicted her claimed limitations.  AR 2106.  An ALJ may discount a claimant's statements when they conflict with her activities.  20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); Molina v. Astrue, 674 F.3d 1112-13 (9th Cir. 2012).  Even activities that suggest some difficulty functioning may be grounds to reject allegations if they contradict claims of total disability.  Molina, 674 F.3d at 1113.  Here, plaintiff testified that she could not hold her head up and that she could only sit for 5 minutes, walk for 15 minutes, and stand for 30 minutes.  AR 56-57, 62, 1075.  Contrary to those allegations, the ALJ noted that plaintiff was "able to make simple meals, shop, and drive a car."  AR 2106, citing AR 635-38, 661-65, 1448-52, 1481-85.  Even crediting plaintiff's contention that it's unclear whether these limited activities actually undermine her testimony, any error on this point is harmless because the ALJ identified at least one other adequate basis for discounting plaintiff's subjective testimony.  Overall, the court finds no error.

B.  Plaintiff's Subjective Mental Dysfunction Testimony

The ALJ did not err in evaluating plaintiff's subjective statements regarding mental dysfunction.  The medical record with respect to plaintiff's mental dysfunction symptoms shows a progression including a sharp uptick in symptoms in January of 2025, but the medical record ends there.  In reviewing the record to discount plaintiff's testimony, the ALJ cited plaintiff's denial of mental health symptoms, lack of diagnoses and minimal treatment between 2019 and 2023.  AR 2110, citing AR 712 (2019), 724 (2019), 763 (2019), 819 (2020), 881 (2020), 1520 (2022), 1775-78 (2022), 1855-58 (2023), 1868-82 (2023), 1892-95 (2023), 1905-08 (2023).  The ALJ notes that plaintiff established outpatient mental health treatment at Turning Point clinic in September 2024 and was admitted to care with complaints of depressed mood, impaired sleep, low energy, and difficulty concentrating.  In January 2025, she was diagnosed with PTSD by Yacharter Yang, PMHNP, and presented with depressed moods, crying, rambling speech,

impaired sleep, and hypervigilance.  She was prescribed Cymbalta and Seroquel.  AR 2471-2484.  At this point, the record ends.  Plaintiff was not questioned about her mental health at the most recent hearing on March 27, 2025, and she did not raise the issue.  AR 2141-2145.

The ALJ found that plaintiff did have mental limitations and ruled that "her major depressive disorder and PTSD, warrant a limitation to simple, routine tasks."  AR 2112.  Plaintiff argues this limitation is inadequate, but she does not explain why, or what alternate limitations are necessary.  ECF No. 8 at 20-21.  The ALJ acknowledged the recent increase in plaintiff's mental health symptoms and the new treatment she was receiving, and combined this information with a longitudinal record reflecting minimal mental health concerns.  Plaintiff does not identify any necessary functional limitations greater than the ones assigned, and it is not enough to make the conclusory statement that the assigned limitations are inadequate.  Accordingly, the court does not find error.

C.  Impact of Restriction to Simple and Repetitive Tasks of Job Availability

In order for an ALJ to find that a claimant is not disabled at step five, the ALJ must identify work the claimant can perform that exists in "significant numbers" in the national economy.  Lounsburry v. Barnhart: 468 F.3d 1111, 1114 (9th Cir. 2006); 20 C.F.R. §§ 404.1566(b), 416.966(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications.").  In order to make this determination, the ALJ may consult a series of vocational resources, including a vocational expert and the Dictionary of Occupational Titles (DOT).  See Lamear v. Berryhill, 865 F.3d 1201, 1205 (9th Cir. 2017).  It is the Commissioner's burden to show that plaintiff can perform work that exists in significant numbers in the national economy.  Lounsburry, 468 F.3d at 1114.

Here, upon consultation with a vocational expert, the ALJ concluded that plaintiff was restricted to simple and repetitive tasks but that she could perform work as a document preparer, telephone solicitor, and appointment clerk, each of which are occupations require a GED reasoning level of 3.  AR 2115, 2137.  A vocational expert identified these jobs at the most recent hearing, and the ALJ asked the VE "is there any conflict in my mental limit of simple, repetitive

11

tasks [and] the GED reasoning level 3 in your opinion?" AR 2137. The VE responded that there was not a conflict, and that "reasoning level 3 is described as applying common sense understanding to carry out instructions, furnish a written, oral or diagram format dealing with problems involving several concrete variable[s] in or from standardized situations." AR 2138.

Plaintiff argues that the ALJ erred at this step because the Ninth Circuit has held as a matter of law that there is a conflict between the mental demands of reasoning level 3 occupations (per the definition of the GED reasoning level of 3 contained in the DOT) and a restriction to performing simple, repetitive tasks. See Zavalin v. Colvin, 778 F.3d 842, 847 (9th Cir. 2015) ("Today, we join the Tenth Circuit and hold that there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning."). Defendant argues there is no error because in January 2025, approximately four months before the ALJ issued his decision, the agency issued a new ruling concerning vocational evidence, Social Security Ruling 24-3p.2, which alters the court's analysis on this issue. 89 FR 97158-01, 2024 WL 5256890, at *1.

However, the court will not reach either party's substantive argument because plaintiff failed to preserve this issue at the administrative level. The Ninth Circuit has held that in Social Security cases, "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999), as amended (June 22, 1999). Here, plaintiff was represented by counsel (AR 2129) and plaintiff's attorney affirmatively stated that he had no objection to the VE testifying at the hearing. When given the opportunity to cross examine the VE, counsel declined. AR 2134, 2140. At the hearing, the ALJ confirmed the VE's qualifications (AR 2133); solicited objections to the expert—there were none (AR 2133-34); asked about the VE's sources and general approach for estimating job numbers (AR 2136); queried whether the VE's testimony was consistent with those sources (AR 2136); and provided an opportunity for cross examination (AR 2140). If a plaintiff is represented at the hearing, that representative is expected to "raise any relevant questions…about the VE's testimony at the time of the hearing" when "the VE is ready and available to answer them." SSR 24-3p. The defendant raised the issue of waiver in his cross-

12

motion, and plaintiff did not address it on reply.

The undersigned concludes that the ALJ reasonably relied on the expert's cogent responses, which were not challenged when they were provided, and that plaintiff waived her challenge on this issue.  AR 2115-16.  Accordingly, the court finds no error.

VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (ECF No. 8), is DENIED;

2.  The Commissioner's cross-motion for summary judgment (ECF No. 14) is GRANTED; and

3.  The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: April 29, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE